IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BOBBY M. ELLIS, )
 )
    Petitioner, )
 )
 ) CIV-13-471-W
v. )
 )
JANET DOWLING, Warden, )
 )
    Respondent. )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions entered against him in the District Court of Kay County, Case No. CF-2003-536. Respondent has moved to dismiss the Petition as second and successive and time-barred. Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Motion be granted and the Petition, which is an unauthorized successive petition, be dismissed as it is time-barred.

Petitioner was convicted following a jury trial of two counts of Rape in the First Degree (counts I and IV), two counts of Lewd Molestation (counts II and V), and two counts of Preparing Child Pornography (counts III and VI) in Case No. CF-2003-536, District Court

1

of Kay County, Oklahoma. Petitioner was sentenced to a 75-year term of imprisonment for each of the rape convictions, 20 years of imprisonment for each of the Lewd Molestation convictions, and 10 years of imprisonment for each of the Preparing Child Pornography convictions, with all of the terms to be served consecutively.

Petitioner appealed the convictions, and on October 12, 2007, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the convictions and sentences except that the court reversed the conviction on one count of Preparing Child Pornography (count VI) and remanded with instructions to dismiss. Brief in Support of Motion to Dismiss (Doc. # 9), Ex. 1. With respect to Petitioner's conviction on the second count of Preparing Child Pornography (count III), the court remanded the matter to the state district court to correct the judgment and sentence, which had incorrectly stated that Petitioner had been convicted in this count of Soliciting a Minor for Indecent Exposure/Obscene Material. Id.

Petitioner filed a previous 28 U.S.C. § 2254 habeas petition in this Court challenging his convictions and sentences in Case No. CF-2003-536, and District Judge West entered an Order and Judgment on March 31, 2011, dismissing the Petition with prejudice as time-barred. Bobby M. Ellis v. Warden David Parker, Case No. CIV-10-498-W. The Tenth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability concerning the decision. Petition (Doc. # 1), att. 3; Bobby M. Ellis v. Warden David Parker, 426 Fed.Appx. 683 (10th Cir. June 20, 2011)(unpublished order), cert. denied, 132 S.Ct. 1011 (2012).

On November 15, 2012, Petitioner filed a post-conviction application in the state

district court, alleging he was denied effective assistance of trial counsel and appellate counsel. The district court found that Petitioner's application was his second post-conviction application and the application was denied. Petition (Doc. # 1), att. 1. On appeal, the OCCA affirmed the denial. Petition (Doc. # 1), att. 2.

In the state appellate court's decision, the OCCA made the following relevant findings:

> In this matter, Petitioner claims his trial counsel was ineffective due to the failure to properly advise Petitioner during plea bargain proceedings. Petitioner claims that the recent United States Supreme Court decisions *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) and *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), concerning counsel's duty with regard to plea bargaining, are intervening changes in constitutional law that were not available for inclusion in his direct appeal or first post-conviction application and that should be applied retroactively to his case.
> Petitioner has not established entitlement to any relief on his subsequent application for post-conviction relief. He has not raised any issue that could not have been raised in his previous post-conviction proceeding. . . . Petitioner has not established that *Lafler* and/or *Frye* establish a new rule of law; and even if they do, Petitioner has not established that any new rule was declared to have retroactive effect that should be applied to his case.

Id. at 2. Based on these findings, the court affirmed the district court's decision. Id.

Now, Petitioner again seeks federal habeas relief concerning his convictions in Case No. CF-2003-536. He alleges in his first ground that he was denied his Sixth Amendment right to effective assistance of counsel and due process because he was offered various plea bargains without an adequate explanation by his defense attorney of the consequences of

3

proceeding to trial, including the possibilities that his potential witnesses or potential evidence might be excluded from admission during his trial. Petition (Doc. # 1), at 6 (ECF page # 5).

In a second ground for relief, Petitioner contends that he was denied his Sixth Amendment right to the effective assistance of appellate counsel because his appellate counsel did not raise the ineffective assistance of trial counsel claim based on "plea bargain issues." Petition, at 7 (ECF page # 6). According to the state district court's finding in the second post-conviction proceeding, Petitioner's ineffective assistance of appellate counsel claim was directed only to his appellate counsel's failure to "raise the issue concerning trial counsel's ineffectiveness 'surrounding pretrial plea bargains' in Petitioner's direct appeal." Petition, Att. 1, at 2.

It is assumed that Petitioner is asserting the same claim in the instant Petition. To the extent Petitioner alleges appellate attorney ineffectiveness based on different factual bases, including an allegation of a failure to investigate a "falsified trial transcript" and an allegation of a failure to raise "all relevant grounds," these claims are unexhausted as they have not been raised or reviewed in the state courts. Petition, at 7 (ECF page # 6). Despite Petitioner's failure to exhaust available state court remedies concerning these claims, the unexhausted claims are not supported by any facts or law and are meritless. 28 U.S.C. § 2254(b)(2).

As part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 was amended to provide that:

> [b]efore a second or successive application permitted by this

4

> section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). This "screening" mechanism applies to the Petition now before the Court. See Felker v. Turpin, 518 U.S. 651, 664 (1996)(upholding constitutionality of §2244(b)(3)(A)); Hatch v. Oklahoma, 92 F.3d 1012, 1014 (10th Cir. 1996)(habeas petition filed after effective date of AEDPA must comply with its relevant provisions).

Because the previous disposition of his habeas petition challenging the convictions and sentences entered in Case No. CF-2003-536 was on the merits, see In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011)(per curiam)(dismissal of habeas petition as time-barred is decision on the merits), the instant Petition is successive. Therefore, absent prior authorization from the Tenth Circuit Court of Appeals, this Court lacks jurisdiction to consider the instant Petition. 28 U.S.C. § 2244(b)(3).

Generally, "when a second or successive petition for habeas corpus relief under § 2254 . . . is filed in the district court without the required authorization . . . , the district court should transfer the petition or motion to [the appellate] court in the interest of justice pursuant to [28 U.S.C.] § 1631." Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997). However, "[w]here there is no risk that a meritorious successive claim will be lost absent a [28 U.S.C.] § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the appellate] court for authorization." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

In the previous habeas proceeding in this Court, District Judge Lee West entered an

5

Order on March 31, 2011, in which District Judge West found that Petitioner's convictions in Case No CF-2003-536 became final on January 10, 2008, and the statute of limitations, see 28 U.S.C. § 2244(d)(1)(A), expired on January 12, 2009. The Court found that the Petition, which was filed at the earliest on April 29, 2010, was time-barred and no tolling mechanism extended the limitations period. The findings made in the previous habeas proceeding are equally applicable herein.

In Traverse Response to the Motion to Dismiss, Petitioner argues that his Sixth Amendment claims asserted in his successive Petition could not have been presented previously because the Supreme Court's decisions in Missouri v. Frye, __ U.S. __, 132 S.Ct. 1399 (2012), and Lafler v. Cooper, __ U.S. __, 132 S.Ct. 1376 (2012), were not decided until after his previous habeas proceeding and these decisions constitute new rules of constitutional law that have retroactive applicability to his convictions.[1]

Construing this argument generously, Petitioner is asserting that he is entitled to equitable tolling pursuant to 28 U.S.C. § 2244(b)(2)(A), which provides that a claim presented in a second or successive habeas petition under § 2254 that was not presented in a prior petition shall be dismissed unless "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." However, "every circuit court to consider the

---

[1] Petitioner specifically asserts that he turned down a plea offer for an 11-year term of imprisonment based on his expectation that he would "have witnesses and evidence for a defense and to see and hear the evidence against him." Traverse Response, at 7.

question has held that Frye and Lafler do not establish a new rule of constitutional law." In re Graham, 714 F.3d 1181, 1182 (10th Cir. 2013)(per curiam). See Gallagher v. United States, 711 F.3d 315, 315-316 (2d Cir. 2013)(per curiam); Williams v. United States, 705 F.3d 293, 294 (8th Cir. 2013)(per curiam); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); In re King, 697 F.3d 1189, 1189 (5th Cir. 2012)(per curiam); Hare v. United States, 688 F.3d 878, 879, 881 (7th Cir. 2012); In re Perez, 682 F.3d 930, 932-934 (11th Cir. 2012)(per curiam). The Tenth Circuit in Graham agreed with these courts and found that the Frye and Lafler decisions did not establish a new rule of constitutional law. Graham, 714 F.3d at 1183. Moreover, "even if Lafler or Frye did announce 'a new rule of constitutional law,' it was not 'made retroactive to cases on collateral review by the Supreme Court.'" Gallagher, 711 F.3d at 316. "Neither case contains any express language as to retroactivity," and no subsequent Supreme Court decision has given either case retroactive effect. Id. See Tyler v. Cain, 533 U.S. 656, 663 (2001)("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive.")(citation omitted).

Petitioner has not established that any extraordinary circumstances prevented the timely filing of a habeas petition, and Petitioner is not entitled to equitable tolling. Thus, his successive Petition is unauthorized and untimely, and the Petition should be dismissed.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 8) be GRANTED and Petitioner's unauthorized, successive Petition for a

7

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as time-barred. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by   July 17th  , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   27th   day of   June  , 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE