IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED
JUL 17 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

| | |
|---|---|
| BOBBY M. ELLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. CIV-13-471-W |
| ) | |
| JANET DOWLING, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

On June 27, 2013, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter, and he recommended that the Motion to Dismiss Petition as Second and Successive [Doc. 8] filed by respondent Janet Dowling, Warden, be granted and that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Bobby M. Ellis, proceeding pro se, be deemed an unauthorized successive petition and dismissed as time-barred. Ellis was advised of his right to object, see Doc. 12 at 8, and the matter now comes the Court on Ellis' Motion to Object to Report and Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of the respondent's motion and Ellis' Petition.

Ellis was convicted by a jury of two counts of first degree rape, two counts of lewd molestation and two counts of preparing child pornography in the District Court for Kay County, Oklahoma. State v. Ellis, No. CF-2003-536. In accordance with the jury's recommendations, Ellis was sentenced to terms of imprisonment of seventy-five (75) years on each count of first degree rape, twenty (20) years on each count of lewd molestation

and ten (10) years on each count of preparing child pornography. The sentences were ordered to be served consecutively.

Ellis appealed, and on October 12, 2007, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions and sentences as to all counts, except one count that charged Ellis with preparing child pornography.[1] Ellis v. State, No. F-2006-826 (Okla. Crim. 2007).

From October 2008 to April 2010, Ellis unsuccessfully sought post-conviction relief in state court. Ellis v. State, No. PC-2009-238 (Okla. Crim. 2009); Ellis v. State, No. PC-2009-1149 (Okla. Crim. 2010); Ellis v. State, No. PC-2010-53 (Okla. Crim. 2010).

In May 2010, Ellis filed suit in this judicial district seeking federal habeas relief under title 28, section 2254 of the United States Code. See Ellis v. Parker, No. CIV-10-498-W. Ellis' claims were subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), and retired United States Magistrate Judge Bana Roberts, to whom the case had been referred, found that Ellis' claims were time-barred. The Court agreed and held that although Ellis was entitled to statutory tolling, e.g., id. § 2244(d)(2), his claims were nevertheless untimely because he could not establish that he was entitled to equitable tolling. Accordingly, the Court dismissed the action with prejudice on March 31, 2011.

---

[1] The OCCA reversed Ellis' conviction on one count of preparing child pornography and remanded the matter with instructions to dismiss. See Ellis v. State, No. F-2006-826, slip at 2 (Okla. Crim. 2007). As to Ellis' conviction on the second count of preparing child pornography, the OCCA remanded the matter to the state district court to correct the Judgment and Sentence, which inaccurately reflected that Ellis had been convicted of soliciting a minor for indecent exposure/obscene material. See id.

On appeal, the United States Court of Appeals for the Tenth Circuit declined to issue a certificate of appealability. It found "that no reasonable jurist would debate th[is] . . . [C]ourt's holding that . . . Ellis's petition [was] . . . time-barred . . . ," Ellis v. Parker, No. 11-6091, slip op. at 2 (10th Cir. June 20, 2011), and dismissed the appeal.

On November 15, 2012, Ellis filed an application again seeking post-conviction relief in the District Court for Kay County, Oklahoma, for the alleged ineffective assistance of trial and appellate counsel. The state district court denied Ellis' application, see Doc. 1-1, on December 11, 2012, and on April 18, 2013, the OCCA affirmed. See Ellis v. State, No. PC-2012-1162 (Okla. Crim. 2013).

In the instant Petition, Ellis has again complained about the assistance his trial and appellate counsel rendered, and upon comparing Ellis' original Petition for Writ of Habeas Corpus and the Petition filed in the case-at-bar, the Court concurs with Magistrate Judge Purcell's finding that the claims in the instant Petition are successive. The Court, therefore, lacks jurisdiction to consider the same.

The Court likewise finds no merit to Ellis' arguments that the decisions of the United States Supreme Court in Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), constitute new rules of constitutional law and/or apply retroactively to provide relief. E.g., In re Graham, 714 F.3d 1181, 1182 (10th Cir. 2013)(per curiam).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 12] filed on June 27, 2013;

(2) GRANTS the respondent's Motion to Dismiss Petition as Second and Successive [Doc. 8] filed on June 4, 2013; and

(3) DISMISSES this matter without prejudice. E.g., In re Cline, 531 F.3d 1249 (10th Cir. 2008).

ENTERED this 17th day of July, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE